UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEONODE INC., ULF ROSBERG, PETER LINDELL, PER LÖFGREN, MATTIAS BERGMAN, LARS LINDQVIST, and URBAN FORSSELL,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br><u>CLASS ACTION</u> |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from defendants' dissemination of a materially incomplete proxy statement (the "Proxy Statement") filed by Neonode Inc. ("Neonode" or the "Company") with the United States Securities and Exchange Commission ("SEC") on August 20, 2020.

2. As set forth in greater detail below, the Proxy Statement scheduled a meeting of Neonode's stockholders for September 29, 2020 to vote upon the following proposals, among others:

> To approve, for purposes of complying with Nasdaq Listing Rule 5635(d), the issuance of shares of common stock underlying Preferred Stock sold in Neonode's August 5, 2020 private placement; [and]
>
> To approve, for purposes of complying with Nasdaq Listing Rule 5635(c), the issuance of shares of common stock underlying Preferred Stock sold to directors and an officer of Neonode in Neonode's August 5, 2020 private placement[.]

3. As set forth below, the Proxy Statement omits material information, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

5. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

7. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Neonode common stock.

8. Defendant Neonode is a Delaware corporation and maintains its principal executive offices at Storgatan 23C, 114 55 Stockholm, Sweden. Neonode's common stock is traded on the NASDAQ Capital Market under the ticker symbol "NEON."

9. Defendant Ulf Rosberg ("Rosberg") is Chairman of the Board of Directors (the "Board") of the Company.

10. Defendant Peter Lindell ("Lindell") is a director of the Company.

11. Defendant Per Löfgren is a director of the Company.

12. Defendant Mattias Bergman is a director of the Company.

13. Defendant Lars Lindqvist is a director of the Company.

14. Defendant Urban Forssell ("Forssell") is Chief Executive Officer ("CEO") of the Company.

15. The defendants identified in paragraphs 9 through 14 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Neonode (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

17. This action is properly maintainable as a class action.

18. The Class is so numerous that joinder of all members is impracticable. As of August 6, 2020, there were approximately 9,171,154 shares of common stock of Neonode outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

19. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

20. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

21. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

22. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Private Placement*

23. Neonode develops optical touch and gesture control solutions for human-machine interface with devices and remote sensing solutions for driver and cabin monitoring features in automotive and other application areas.

24. The Company's main business model is to license its technology to Original Equipment Manufacturers and Tier 1 system suppliers who embed the Company's technology into systems and products they develop, manufacture, and sell.

25. On August 5, 2020, the Company issued a press release announcing a $13.9 million private placement (the "Private Placement"):

> Neonode Inc. (NASDAQ: NEON), today announced it has entered into definitive agreements with institutional and accredited investors, including insiders of the Company, for the private placement of $13.9 million of Neonode's common stock and convertible preferred stock (the "Private Placement").

4

Pursuant to the terms of the Private Placement, Neonode has agreed to sell an aggregate total of 1,611,845 shares of common stock (the "Common Shares") at a price of $6.50 per Common Share, and 3,415 shares of convertible preferred stock (the "Convertible Preferred Shares") with a conversion price of $6.50 per share and a stated value of $1,000 per Convertible Preferred Share.

Ulf Rosberg and Peter Lindell, directors of Neonode (the "Directors"), and Urban Forssell, Chief Executive Officer of Neonode, have agreed to purchase an aggregate of $3.05 million of the Convertible Preferred Shares in the Private Placement.

In addition, Neonode will issue 1,033 shares of Convertible Preferred Shares to the Directors to repay $1 million of outstanding indebtedness owed to the Directors under loan agreements dated June 17, 2020.

The Convertible Preferred Shares are convertible into an aggregate of 684,378 shares of common stock. The Convertible Preferred Shares will automatically convert into common stock upon stockholder approval, of which Neonode has agreed to seek at the earliest possible date. Neonode also will seek stockholder approval with respect to the issuance of shares to the Directors and the Chief Executive Officer in accordance with Nasdaq listing rules.

Neonode has also agreed to file, within thirty days, a registration statement with the SEC to register the resale of the Common Shares and the shares of common stock underlying the Convertible Preferred Shares.

Neonode expects to close the Private Placement on or about August 7, 2020, subject to the satisfaction of customary closing conditions.

Craig-Hallum Capital Group LLC is acting as exclusive placement agent in connection with the offering.

***The Proxy Statement Omits Material Information***

26.     On August 20, 2020, defendants filed the Proxy Statement with the SEC, which scheduled a meeting of Neonode's stockholders for September 29, 2020 to vote upon the following proposals, among others:

To approve, for purposes of complying with Nasdaq Listing Rule 5635(d), the issuance of shares of common stock underlying Preferred Stock sold in Neonode's August 5, 2020 private placement; [and]

To approve, for purposes of complying with Nasdaq Listing Rule 5635(c), the issuance of shares of common stock underlying Preferred Stock sold to directors and an officer of Neonode in Neonode's August 5, 2020 private placement[.]

27. However, as set forth below, the Proxy Statement omits material information.

28. The Proxy Statement fails to disclose the financial projections and/or analyses that the Individual Defendants considered and relied upon in connection with the Private Placement.

29. The Proxy Statement fails to disclose the Company's financial and/or other advisors in connection with the Private Placement and the terms of their engagements.

30. The Proxy Statement fails to disclose a fair summary of the process and negotiations leading up to the Private Placement as well as the approval process of the Private Placement.

31. The Proxy Statement fails to disclose the roles Individual Defendants Rosberg, Lindell, and Forssell played in the process leading up to the Private Placement and its approval.

32. The Proxy Statement fails to disclose the nature of any alternatives to the Private Placement that were considered by the Company's officers and directors.

33. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

34. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Neonode

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary

to make the statements therein not materially false or misleading. Neonode is liable as the issuer of these statements.

37.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within Neonode, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the proposals contained in the Proxy Statement. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the proposals contained in the Proxy Statement.

41.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

42.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Neonode within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers

and/or directors of Neonode and participation in and/or awareness of Neonode's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Neonode, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Neonode, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. They Individual Defendants were directly involved in the making of the Proxy Statement.

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.　Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with the September 29, 2020 stockholder vote;

B.　Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.　Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

D.　Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

E.　Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: September 2, 2020

**RIGRODSKY & LONG, P.A.**

By: /s/ Gina M. Serra
　　Seth D. Rigrodsky (#3147)
　　Brian D. Long (#4347)
　　Gina M. Serra (#5387)
　　300 Delaware Avenue, Suite 210
　　Wilmington, DE 19801
　　Telephone: (302) 295-5310
　　Facsimile: (302) 654-7530
　　Email: sdr@rl-legal.com
　　Email: bdl@rl-legal.com
　　Email: gms@rl-legal.com
　　*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com